UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KATIE J. EXUM,

                        Plaintiff,

v.                                         Case No. 10-CV-920-JPS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                        Defendant.                      ORDER

        In May of 2007, plaintiff Katie J. Exum ("Exum") filed for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") with the Social Security Administration, alleging a disability beginning September 1, 2006. Exum's disability claims were denied both upon the initial application and upon reconsideration. After these denials, Exum filed for a hearing before an Administrative Law Judge ("ALJ"). A hearing occurred on January 6, 2010, at which Exum's attorney appeared. Exum did not attend the hearing. On March 26, 2010, the ALJ concluded that Exum was ineligible for SSI and DIB. Subsequently, the Appeals Council of the Social Security Administration denied review, rendering the ALJ's decision final. As a consequence, Exum filed this action for judicial review of the Commissioner of Social Security's decision denying the plaintiff's applications for SSI and DIB. The court begins by reviewing the factual and procedural background that precipitated this litigation based on the record that was presented to the ALJ.

1. Background

Exum's sole argument is that the ALJ did not follow Social Security Ruling 79-19 in holding a hearing with only Exum's attorney – and not Exum – present. Accordingly, the court will focus its discussion of the facts on the proceedings at the administrative level.

According to the Commissioner, the notices denying Exum's request for reconsideration alerted Exum of the importance of her attendance at the hearing before the ALJ as well as how the hearing process works. (Tr. 37-38, 42-43). Moreover, on December 4, 2009, an ALJ sent Exum two Notices of Hearing, explaining that her administrative hearing was scheduled for January 6, 2010. (Tr. 57-62, 63-67). In a letter sent to the agency, a paralegal for the firm that represented Exum stated that Exum wanted to postpone her hearing date. (Tr. 82). The letter also indicated that if the hearing could not be postponed, "Ms. Exum will waive her right to appear at her hearing and have our firm appear on her behalf." (Tr. 82). On December 15, 2009, someone (the signature is unintelligible) signed an Acknowledgment of Receipt for the Notices of Hearing indicating that he or she would appear at the January 6, 2010 hearing. (Tr. 83).

The hearing occurred on January 6, 2010. Exum did not appear at the hearing. Instead, Attorney Michael Riley appeared on Exum's behalf. (Tr. 6-13). Attorney Riley told the ALJ that Exum was waiving her right to appear. (Tr. 6). The ALJ explained that he had taken over the case from another judge and had only just learned of Exum's desire to waive her hearing. (Tr. 6). Attorney Riley proceeded to make an opening statement and summarized the evidence and argued that Exum was disabled under the regulations. (Tr. 7-8). Later in the hearing, both the ALJ and Attorney Riley questioned a

testifying vocational expert. (Tr. 12-13). The ALJ then issued a decision denying Exum benefits. (Tr. 19-30).

2.  Discussion

Exum's sole argument is that the ALJ did not follow Social Security Ruling 79-19 by failing to obtain a valid waiver of Exum's right to appear at her hearing. (Pl.'s Br. 8-11). On the other hand, the Commissioner argues that any error in complying with SSR 79-19 was harmless and, thus, remand is not required.

Every claimant has a statutory right to appear before an administrative law judge, either personally or by means of a designated representative, to present evidence and to state his or her position. 20 C.F.R. § 404.950(a). The right to appear can be waived. 20 C.F.R. §§ 404.929, .950(b). In order to insure that any waiver is made voluntarily and knowingly, the Commissioner promulgated Social Security Ruling 79-19. SSR 79-19 provides that an individual or that individual's authorized representative may waive the right to appear "only by a writing signed by the individual or the authorized representative." SSR 79-19, 1979 WL 15541, at *2. The writing must show the following:

> (1) a thorough explanation of the hearing procedure has been given; (2) the right to personal appearance at the hearing to testify and present evidence has been explained; (3) an explanation has been given of the right to representation at the hearing by an attorney or other person of the individual's choice; (4) it has been explained that, in some cases, additional evidence obtained thorough oral testimony and personal presence before the presiding officer may be of value in evaluating the issues; (5) the individual has been advised that, if he or she does not appear, the claim will be decided solely on the written evidence then in file plus any additional evidence submitted by the individual or the representative or obtained

> by the hearing officer; and (6) the individual has been advised that he or she may withdraw the waiver of the right to appear at the hearing at any time prior to mailing of the notice of the decision.

*Id.* at *2-3.

In this case, the only document that could be deemed a written waiver is the letter sent by a paralegal from Exum's counsel's firm to the agency stating that if the hearing could not be postponed, Exum waived her right to appear at her hearing. The letter clearly does not comply with the detailed requirements of SSR 79-19.

However, in order for this waiver to be considered invalid and to be cause for remand, it must have resulted in prejudice to Exum. *See Riels v. Bowen,* No. 85-CV-9161, 1986 WL 10389, at *3 (N.D. Ill. Jan. 29, 1988). Here, the only discernible argument Exum makes with regard to prejudice is found in her affidavit, attached to her brief, that states "there are no records from Dr. Hasan, my pain specialist…I believe that those records are very important to my claim." (Pl.'s Br., Ex. B ¶ 12). Yet, this argument is unavailing for two principal reasons. First, in her reply brief, Exum retreats from the argument, stating that the issue of prejudice is not so much that Dr. Hasan's records are missing from evidence, but simply that Exum did not waive her right to appear in writing and that the ALJ made no attempt to obtain the waiver. Thus, not only has Exum appeared to have waived any argument based on Dr. Hasan's missing treatment notes, but she has also replaced that argument with one that claims prejudice based merely on the fact that she never waived her right to appear. In other words, Exum contends that she was prejudiced by her absence at the hearing because she was absent from the hearing. This argument is devoid of any substantive

meaning. Second, Exum has not submitted any records from Dr. Hasan or explained how these missing records would have affected the outcome of her case. Indeed, the record contains treatment notes from Dr. Hasan. (Tr. 211-16). Accordingly, because Exum has not established that she has been prejudiced by her absence from the hearing, the court finds that the ALJ's error in not complying with SSR 79-19 was harmless. In turn, the court will affirm the Commissioner's decision denying Exum disability benefits.

Accordingly,

IT IS ORDERED that the decision of the Commissioner denying the plaintiff's application for disability insurance benefits and supplemental security income be and the same is hereby AFFIRMED; and

IT IS FURTHER ORDERED that this case be and the same is hereby DISMISSED.

The clerk of court is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of November, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge